**KAN YUN LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* United States Attorney General, Respondent.**

**No. 07–4884–ag.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2009.

Yimin Chen, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Kan Yun Lin, a native and citizen of the People's Republic of China, seeks review of an October 5, 2007 order of the BIA denying her motion to reopen. *In re Kan Yun Lin,* No. A077 913 582 (B.I.A. Oct. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Lin's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Lin argues that the BIA erred by finding that she failed to produce evidence demonstrating either material

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former

Acting Attorney General Peter D. Keisler as the respondent in this case.

changed country conditions sufficient to excuse the untimely filing of her motion to reopen or her *prima facie* eligibility for relief from removal. However, these arguments fail because we have previously reviewed the BIA's consideration of evidence similar to that which Lin submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

The BIA's determination that Lin was not eligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).